IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN ARCHIE BELL, III,<br><br>    Plaintiff,<br><br>                    v.<br><br>JUDGE DEBRA BENIFIELD,[1] *et al.*,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-00833-SDG |

## OPINION AND ORDER

This matter is before the Court for consideration of the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Linda T. Walker [ECF 3], which recommends that this action be dismissed without prejudice because Plaintiff John Archie Bell, III may not proceed *in forma pauperis* due to the three strikes provision of the Prison Litigation Reform Act (PLRA). After careful consideration of the record and Bell's objections, the Court **OVERRULES** the objections and **ADOPTS** the R&R in its entirety. Bell's pending motion for default judgment [ECF 14] is, therefore, **DENIED AS MOOT**.

---

[1]   Although this is the spelling used in Bell's Complaint, the correct spelling is Judge Deborah Benefield.

## I. BACKGROUND

Bell is an inmate currently confined at the DeKalb County Jail in Decatur, Georgia.[2] Bell initiated this action on February 25, 2021. He claims that Defendants improperly transferred him to the DeKalb County jail and that he has been harmed by the practices the facility implemented in response to COVID-19.[3] Bell did not pay the fees required to file a civil action or submit an application for leave to proceed *in forma pauperis*.[4]

Judge Walker determined that Bell has filed numerous actions in federal court while incarcerated, at least three of which were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and that Bell failed to show that he was in present, imminent danger.[5] Accordingly, Judge Walker recommended that this matter be dismissed pursuant to 28 U.S.C. § 1915(g).[6]

---

[2]   ECF 1.

[3]   *Id.* at 2–3.

[4]   ECF 3, at 1.

[5]   *Id.* at 2.

[6]   *Id.*

Bell has filed four objections to the R&R,[7] a motion for default judgment,[8] and a memorandum in support of his motion for default judgment.[9] In each, Bell asserts, generally, that Judge Walker misconstrued his filing because he improperly labeled it. Bell also asserts that he is entitled to relief because he has tried, and failed, to obtain an attorney, he has physical and mental health issues impacting his ability to properly file, and he is not being given proper access to legal materials. Bell has requested extensions of time and for the appointment of counsel due to these challenges. Bell also maintains his position that it was improper to transfer him to the DeKalb County jail, and now asserts that the location is unsafe due to gang activity and improper treatment by jail officials.

## II.    LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir. 2009). The Court must "make a de novo determination of those

---

[7]    ECF 9; ECF 10; ECF 11; ECF 13.

[8]    ECF 14.

[9]    ECF 15.

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b), advisory committee's note. The Court has broad discretion in reviewing a magistrate judge's report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). In addressing objections, it may consider an argument that was never presented to the Magistrate Judge, and it may also decline to consider a party's argument that was not first presented to the Magistrate Judge. *Id.* at 1290–92. Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III. DISCUSSION

Bell's objections to the R&R do not address the recommendation that this matter be dismissed pursuant to the PLRA, 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

> action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Bell fails to challenge the applicability of this statute, and although he references dangerous conditions in the DeKalb County jail, Bell has not alleged that he is presently in imminent danger of serious physical injury.

The PLRA is clear that, because Bell is an inmate who has filed three or more actions that have been dismissed as frivolous, malicious, or failing to state a claim, he is not permitted to proceed *in forma pauperis*. Bell may re-file along with payment of the required fees.

### IV.  CONCLUSION

The R&R [ECF 3] is **ADOPTED IN ITS ENTIRETY** and this matter is **DISMISSED WITHOUT PREJUDICE**. Bell's motion for default judgment [ECF 14] is **DENIED AS MOOT**. The clerk is **DIRECTED** to close this case.

**SO ORDERED** this the 18th day of August 2021.

Steven D. Grimberg
United States District Court Judge